IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN THE STATE OF FLORIDA IN AND FOR HERNANDO COUNTY
CIVIL DIVISION

NANCY BALLANCE,

    Plaintiff,

vs.

Case No: CA09 2869
Division: _____

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,
    a foreign corporation,
    Defendant,

**LAW DEPARTMENT**

**AUG 2 8 2009**

**Litigation Group**

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, NANCY BALLANCE, by and through her undersigned Attorney, files her Complaint against the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, and alleges:

1. This is an action for damages in excess of $15,000.00.

2. The Plaintiff, at all times material hereto, is and was a resident of Hernando County, Florida.

3. The Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, hereinafter referred to as "HARTFORD", was at all times material hereto a foreign corporation with its principal place of business in Hartford, Connecticut authorized to do business in the State of Florida and was doing business in Hernando County, Florida.

4. At all times material to this action, HARTFORD, issued to Plaintiff a policy of insurance which was in full force and effect at all material times, policy number 55 RBB788234,

which provided coverage for, among other things, loss by sinkhole activity to Plaintiff's home located at 9012 Vicksburg Road, Spring Hill, Florida 34608. Plaintiff has attached hereto as Exhibit "A" a copy of the subject policy of insurance declaration page. Plaintiff alleges that she does not have a full and complete copy of the subject insurance policy but that Defendant has a copy of the subject policy.

5. To the best of Plaintiff's information and belief, the subject policy provides coverage for loss due to sinkhole activity as follows:

### SECTION I - PERILS INSURED AGAINST

The following peril is added:

> Sinkhole Collapse, meaning actual physical damage arising out of, or caused by, sudden settlement or collapse of the earth supporting such property and only when such settlement or collapse results from subterranean voids created by the action of water on limestone or similar rock formations.

The SECTION I - Earth Movement exclusion does not apply to this peril.

6. On or about September 8, 2008, Plaintiff discovered damage to her residence and promptly submitted a claim to HARTFORD.

7. In response to the claim, HARTFORD retained SDII Global Corporation who performed a geotechnical investigation and issued a report dated October 24, 2008 regarding the subject residence concluding that the damage to the subject residence was not due to sinkhole activity.

8. Based on this report, HARTFORD denied the claim by letter dated January 7, 2009. A copy of the denial letter is attached hereto as Exhibit "B" and is incorporated by reference herein.

9. Plaintiff, by and through counsel, retained the services of Florida Testing & Environmental, Inc. to perform a geotechnical investigation at the subject property and determine if

sinkhole activity was the cause of the damage at the subject residence.

10. Florida Testing & Environmental, Inc. issued a report dated July 27, 2009 concluding that the damage to the subject residence was in fact sinkhole activity and recommended that a combination of underpinning and grouting be performed to properly remediate the damage with the estimated cost of such a repair totaling $210,150.00 plus 5% contingency.

11. Because HARTFORD denied the claim when in fact the damage to the subject residence was caused by a covered peril, sinkhole activity, HARTFORD is in material breach of the subject contract of insurance.

12. Plaintiff has suffered damage to her residence as a result of sinkhole activity and as a result Plaintiff will incur substantial costs to stabilize and repair or replace the subject residence.

13. As a result of the damages to Plaintiff's residence caused by sinkhole activity, Plaintiff will incur additional costs for debris removal, replacement of trees and shrubs, increased cost of repair due to ordinance and law requirements, loss of fair rental value, all of which are covered by the subject policy to the best of Plaintiff's information and belief.

14. All conditions precedent to recovery under the insurance policy have been performed by the Plaintiff and/or her representatives or waived by the Defendant.

15. Because of Defendant's breach of the subject insurance policy, Plaintiff has had to retain the services of the undersigned attorney and have become obligated to pay the undersigned attorney a reasonable fee.

WHEREFORE, the Plaintiff, NANCY BALLANCE, demands judgment for damages, including but not limited to damages to repair and restore the property, damages to trees and shrub, damages for the cost of increased ordinance or law requirements, damages for debris

removal, damages for loss of fair rental value, together with interest, costs and reasonable attorney's fees, pursuant to Section 627.428, Florida Statutes, together with such other and further relief which this Honorable Court may deem proper and demands trial by jury on all issues so triable by jury.

*[signature]*

Ronald S. Haynes, Esquire
Ronald S. Haynes, P.A.
Florida Bar No. 0153052
420 W. Brandon Blvd., Suite 200
Brandon, Florida 33511
Telephone:   813/653-0330
Facsimile:   813/653-0335
Attorney for Plaintiff